UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JOSE RODRIGUEZ,**

    Plaintiff,

v.                                                                    Case No. 2:21-cv-56-JLB-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## REPORT AND RECOMMENDATION

Before the court is an amended unopposed application for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 39). For the reasons below, the motion should be granted in part.

The Commissioner sought remand before any briefing was due. (Doc. 34). The court granted the motion, and pursuant to sentence four of 42 U.S.C. § 405(g), the court reversed the decision of the Commissioner and remanded the case. (Doc. 35). Final judgment was entered January 25, 2022. (Doc. 36). Now, Rodriguez requests an award of $8,500.00. (Doc. 39)

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a

non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Rodriguez attached his initial time sheet requesting $16,346.00 using a $220.00 hourly rate and requesting 74.3 hours of billable time. (Doc. 39 at 25). However, he failed to provide an updated time sheet that reflects the $8,500 requested award. Rather, this sum appears to reflect a general settlement between the parties.

Although unclear, it appears Rodriguez requests an award of costs, but he has failed to delineate what costs or expenses he seeks precisely. (Doc. 39 at 4, 8, 17, 25) (requesting costs but also omitting expenses in award calculations). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, an award of filing fee costs to the prevailing party is permitted. The court assumes Rodriguez's request includes an award of $402 in taxable costs for the filing fee.

Subtracting the filing fee from the total requested award results in a request for attorney's fees of $8,098. Although Rodriguez has not provided the reasonable number of hours for which he requests compensation, the court can deduce his request encompasses roughly 36.8 hours using the $220 requested hourly rate.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Rodriguez requests an hourly rate of $220.00, which is unchallenged by the Commissioner. (Doc. 39 at 14, 17). For failing to offer any competent proof regarding the hourly rate, the court could have capped plaintiff counsel at $125 per hour, but the requested hourly rate for work mostly done in 2021 is reasonable.

However, upon review of the services provided, Rodriguez's request for 36.8 hours is not reasonable. Notably, the Commissioner voluntarily remanded this action

before any briefing was submitted to the court. For support, Rodriguez cited non-binding authority from outside this Circuit, and two of the cases indicate twenty to forty hours of attorney time is generally reasonable. (Doc. 39 at 13-14 (citing *Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999) and *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012))). Given the voluntary remand without the filing of any briefs, the hours reasonably expended should not be at the top end of this scale.

Upon review of the time sheet, the hours are greatly inflated. *See Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-EJK, 2022 WL 687125, *3 (M.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 685662 (M.D. Fla. Mar. 8, 2022) ("In determining the reasonableness of the hours expended, courts exclude 'excessive, redundant, or otherwise unnecessary' hours an attorney could not appropriately bill the client or opposing counsel in the exercise of good billing judgment.") (quoting *Norman*, 836 F.2d at 1301). For example, plaintiff counsel logged an hour for his first motion for special admission, which was denied without prejudice. And he logged .8 hours for filing an amended motion for special admission. But neither a client nor an adversary should be billed for a noncompliant motion. And .8 hours for the amended motion is excessive, especially since the Middle District provides a

sample motion on the court's website that only requires filling in blanks.[1] This request should be reduced from 1.8 hours to .3 hours. Moreover, .5 hours to file a proof of service is a clerical task and not recoverable as a part of a fee award. *See Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-Orl-TBS, 2018 WL 6589837, *3 (M.D. Fla. Dec. 14, 2018) (internal quotations and citations omitted); *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, *1 (M.D. Fla. Oct. 31, 2018); *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *3-4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020).

Even without opposition from the Commissioner, the court may reduce the amount of compensable attorney hours. For instance, in *Porco*, the court reduced the reasonable attorney time devoted to "preparing a preliminary and unfinished brief" from 38.4 hours to 29 hours despite the motion being unopposed. *Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 396318, *1 (M.D. Fla. Jan. 25, 2022), report and recommendation adopted, 2022 WL 394394 (M.D. Fla. Feb. 9, 2022) (citing *Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021)). At most, a reasonable amount of time for what transpired here is only 33 hours. *See id.* Thus, based on the reasonable amount of

---

[1] *See* flmd.uscourts.gov/form/motion-special-admission.

attorney time and reasonable hourly rate, the court should award $7,260.00 in attorney's fees and $402 in costs.

Accordingly, the court should **GRANT in part** the motion for EAJA fees (Doc. 39) and direct the clerk to amend the judgment to include an award to Rodriguez of **$7,662.00** for fees and costs. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Rodriguez.[2]

Respectfully recommended on September 16, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**

---

[2] Rodriguez filed a signed Fee Agreement. (Doc. 39 at 22-23). Under the agreement, Rodriguez waived directed payment of the EAJA fees and assigned his rights to any EAJA fees to his attorneys. (*Id.*).